Filed 5/16/16  P. v. Hearon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, | B258486 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  BA251403) |
| v. | |
| STEVEN HEARON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Laura F. Priver, Judge.  Affirmed.

Steven Hearon in pro per; Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In 2004, appellant Steven Hearon was convicted of battery with serious bodily injury (Pen. Code, § 243, subd. (d)) and assault by means of force likely to produce great bodily injury (*id*., § 245, subd. (a)(1)). The court found true that appellant had been convicted of three prior felonies: second degree murder in 1988, second degree robbery in 1978, and first degree robbery in 1977. Appellant was sentenced under the "Three Strikes" law (Pen. Code §§ 1170.12, subd. (a)-(d) & 667, subd., (b)-(i)) to 25 years to life in prison for the battery conviction. The sentence for the assault conviction was imposed and stayed pursuant to Penal Code section 654. In 2006, this court affirmed the conviction and sentence. (See *People v. Hearon* (Jan. 18, 2006, B176310) [nonpub. opn.].)

In July 2014, appellant, acting in propria persona, moved for modification of his sentence, contending that the sentencing court had made improper "dual use[]" of facts, and that he had been subjected to multiple punishments for the same course of conduct.[1] The trial court denied his motion, finding there had been no dual use of any facts in sentencing appellant. (See Rules of Court, rule 4.420(c) [prohibiting "[a] fact that is an element of the crime" from being used "to impose the upper term"]; Pen. Code, § 1170, subd. (b) [sentencing court may not rely on same fact in imposing both an upper term and sentencing enhancement].) The court also noted that appellant had been sentenced to 25 years to life for the battery, but that the sentence on the assault had been imposed and stayed pursuant

---

[1]     This was not appellant's first such motion. Appellant has filed four prior motions for resentencing, modification of sentence, or recall of sentence, all of which have been denied. On February 18, 2014, we affirmed the denial of appellant's petition for resentencing under the 2012 "Reform Act," which amended the Three Strikes law to provide that an offender with two or more prior strikes convicted of a nonserious or nonviolent felony should generally be sentenced as a two-strike offender, and to permit prisoners serving sentences imposed under the prior version of the Three Strikes law to petition for resentencing. (*People v. Hearon* (Feb. 18, 2014, B249335) [nonpub. opn.]; see *People v. Yearwood* (2013) 213 Cal.App.4th 161, 169-179.) In addition, appellant has filed a dozen writ petitions in this court and eight in the trial court.

to Penal Code section 654, and that all of appellant's strikes arose out of separate conduct on separate dates.  Appellant noticed an appeal.

After review of the record, appellant's court-appointed counsel filed an opening brief, asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On January 12, 2016, we sent a letter to appellant's last known address, advising him that he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider.  We received a response in which appellant contended the jury's finding that he was guilty of assault by means of force likely to produce great bodily injury was an "illegal conviction" because "[t]he jury never found [him] guilty of simple misdemeanor assault."

This court has examined the entire record, and is satisfied no arguable issues exist.  Appellant's contention that the jury was obliged first to find him guilty of misdemeanor assault prior to finding him guilty of assault by means of force likely to produce great bodily injury has no merit.  Moreover, any issues pertaining to the illegality of the verdict or sentence should have been raised in the 2006 appeal.  Appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order denying his petition in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

## DISPOSITION

The order denying the motion for modification of sentence is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

COLLINS, J.